IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL ANDERSON | § | |
| | § | |
| V. | § | A-19-CV-255-LY |
| | § | |
| LORIE DAVIS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 5); and Petitioner's supplement (Document 8). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## I. STATEMENT OF THE CASE

**A.  Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas in cause number 925617. Petitioner pleaded guilty to the offense of robbery and true to the enhancement based on his prior burglary. On March 22, 1993, the court sentenced Petitioner to 26 years in prison.

On November 24, 2003, Petitioner was released on parole. While on parole, Petitioner was convicted of evading arrest using a vehicle and was sentenced to two years. On April 13, 2018, Petitioner's parole was revoked. He was found ineligible for street time because of his robbery conviction. Petitioner does not challenge his holding conviction. Rather, he challenges the denial of his street time while he was out on parole.

Petitioner challenged the calculation of his sentence in two state applications for habeas corpus relief. The Texas Court of Criminal Appeals denied both applications.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. House Bill 1649 and the loss of his street-time credit violate the Double Jeopardy Clause;

2. TDCJ has no jurisdiction to apply section 508.149 of the Texas Government Code; and

3. The loss of his street-time credit violates his due process rights.

## II.   DISCUSSION AND ANALYSIS

Petitioner appears to have exhausted his state court remedies with respect to his claims for street-time credit. Therefore, the scope of this Court's review is determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d).

Petitioner is not entitled to street-time credit after his 2018 revocation. The law in this circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation. See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 493 U.S. 856 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987 (1972); Betts v. Beto, 424 F.2d 1299 (1970). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. See Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being forced to serve more than his 26-year sentence. Petitioner violated the terms of his parole, and as a result, lost any credit for the time he spent on parole.

Petitioner is also not entitled to his street-time credit under Texas law. The Texas parole statute in effect at the time the controlling offense was committed (August 28, 1992) provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.18 § 14(a) (Vernon 1992) (currently TEX. GOV'T CODE ANN. § 508.283(b) (West 2018). Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole.

Finally, even under the Texas statute addressing street-time credit in effect at the time of Petitioner's revocation in 2018, Petitioner is not entitled to credit. That statute reads in pertinent part:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(c) (West 2018).

The Texas Court of Criminal Appeals has held that "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense. Ex parte Hernandez, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); see also Ex parte Johnson, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory

4

supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Petitioner was serving a sentence for robbery, one of the offenses listed in section 508.149(a) of the Texas Government Code. See TEX. GOV'T CODE § 508.149(a)(11). Because at the time of his parole revocation, Petitioner was a person described in § 508.149(a), he is not entitled to street-time credit on his sentence for time spent on parole prior to revocation.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner is not entitled to federal habeas corpus relief.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

**SIGNED** on June 17, 2019.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE